UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 07-60936-CIV-JORDAN/TORRES

COLLEGIATE IMAGES, LLC, )
    a Delaware Limited Liability Company )
    )
    Plaintiff, )
    )
v. )
    )
THE COMPUTER GROUP, INC., )
    an Ohio Corporation, )
    )
    Defendant. )
_____)

## PLAINTIFF'S MOTION FOR IMPOSITION OF SANCTIONS

Plaintiff, COLLEGIATE IMAGES, LLC ("COLLEGIATE"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 26, and prior Orders of this Court, hereby files this Motion for Imposition of Sanctions against Defendant, THE COMPUTER GROUP, INC. ("TCG") and, in support thereof, incorporates the Memorandum of Law which follows:

### MEMORANDUM

#### Introduction

This Motion for Imposition of Sanctions has been necessitated by TCG's complete disregard of the Federal Rules of Civil Procedure and the prior Orders of this Court. TCG failed to serve required Rule 26 disclosures, failed to timely respond to discovery, failed to appear at a hearing on COLLEGIATE's Motion to Compel, failed to comply with the Court's Order resulting from that hearing and finally failed to appear at a duly scheduled Court-ordered mediation. In

{FT445695;1}

short, Defendant has unilaterally determined that it need not participate in this litigation. COLLEGIATE seeks the imposition of appropriate sanctions against TCG for its willing failure to comply with Federal Rules of Civil Procedure and this Court's Orders, including all costs associated with COLLEGIATE's prior Motion to Compel and the filing of this Motion and the striking of TCG's pleadings and the entry of defaults.

## Background

This action was filed by COLLEGIATE in July, 2007. COLLEGIATE's Complaint contains two counts seeking damages for breach of contract. COLLEGIATE is a centralized licensing and clearing rights agency that manages the licensing of intellectual property rights owned or controlled by COLLEGIATE's partners, focusing exclusively on collegiate sports. As set forth in COLLEGIATE's Complaint, TCG breached certain license agreements with COLLEGIATE by failing to pay royalties due under those agreements in connection with the distribution and sale of licensed programs, including TCG's failure to pay certain guaranteed minimum royalties that were due under the parties' agreements.

COLLEGIATE's First Request for Production of Documents and First Set of Interrogatories were served on TCG by facsimile and mail on September 26, 2007. Defendant's Responses were due on or before October 26, 2007. The foregoing discovery requests sought information specifically related to the license agreements at issue, including documents regarding the negotiation of the agreements, documents reflecting communications referencing the agreements and documents related to sales of licensed product and royalties generated by those sales. Despite several requests, no timely responses were received, and COLLEGIATE was compelled to set a hearing on November 16, 2007, based on Defendant's failure to serve any

written discovery responses or produce any documents. TCG also failed to timely serve any Rule 26 Disclosures in this case.

On November 13, 2007, three days before the scheduled hearing, COLLEGIATE received a single box of documents containing written responses and objections to COLLEGIATE's discovery requests, together with documents which consisted of nothing but copies of invoices purportedly evidencing the sale of products licensed by COLLEGIATE to TCG. TCG's untimely written responses and document production were clearly incomplete and inadequate. Although TCG's written responses referenced other types of documents, such as "royalty reports," no such documents were included within TCG's production. More importantly, TCG's production was utterly devoid of ordinary business records which should have reasonably been within TCG's possession, custody or control. Among other things, TCG has not produced a single piece of correspondence, e-mail or otherwise. TCG similarly failed to produce a single document that shows actual revenues received by TCG in connection with the sale or distribution of licensed products or royalties generated and paid in connection with such sale or distribution.

Accordingly, COLLEGIATE set a second discovery hearing in front of Magistrate Torres on November 28, 2007. Although this hearing was duly and properly noticed and TCG's counsel was fully aware of it, TCG failed to appear at the hearing. By Order dated November 30, 2007, the Court granted COLLEGIATE's Motion and required TCG to do various things on or before December 7, 2007, including: (a) requiring TCG to serve its Rule 26 disclosures; (b) requiring TCG to file and serve an affidavit detailing the good faith search and inquiry made by TCG to locate documents responsive to COLLEGIATE's document request and also detailing TCG's recordkeeping procedures; (c) requiring TCG to serve better and more complete answers to

certain interrogatories; and (d) requiring TCG to produce copies of "royalty reports" or other accounting documents referenced in responses to COLLEGIATE's Interrogatories. A copy of the Court's Order is attached hereto as Exhibit "A." The Court reserved ruling on appropriate sanctions pending TCG's compliance with the Court's Order.

TCG has failed and refused to comply with the Court's Order and has not and cannot offer any justification for failing to do so. As of the date of this Motion, TCG has failed to comply with any aspect of the Court's Order, nor has TCG contacted the undersigned or filed anything with the Court explaining this failure or requesting additional time.

In addition to its failure and refusal to comply with discovery requests and orders, TCG has also willfully refused to comply with this Court's Order requiring the parties to mediate. In accordance with this Court's Scheduling Order, the parties agreed on a mediator, David Lichter, Esq., and also agreed on a scheduled date and time for the conduct of that mediation (December 5, 2007). By Order dated November 8, 2007, the Court confirmed the parties' agreement and ordered mediation before Mr. Lichter on December 5, 2007. Undersigned counsel had numerous conversations with TCG's counsel regarding the mediation, including an e-mail communication on December 4, 2007, in which TCG's counsel re-confirmed that he and an authorized representative of TCG would be present for mediation on December 5, 2007. However, on the morning of December 5, 2007, undersigned counsel received a call from TCG's counsel advising undersigned counsel that TCG would not be appearing at mediation. No excuse or justification for the non-appearance was offered, merely that the authorized representative with settlement authority on behalf of TCG had simply chosen not to travel down and attend. Rather than having counsel and the mediator waste their time attending a mediation at which there would be no representative with authority for TCG, counsel for the parties agreed to contact Mr. Lichter and

advise him of the circumstances, and Mr. Lichter issued the Report attached hereto as Exhibit "B." TCG's eleventh hour, unexcused refusal to attend a duly scheduled, court ordered mediation is a clear violation of Local Rule 16.2(E), for which sanctions are authorized.

### Legal Argument

Clearly, TCG has failed to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's Orders. The only issue that remains for this Court to decide are the sanctions to impose against TCG for their complete and utter failure to participate in discovery and comply with this Court's Orders. Fed. R. Civ. P. 37(b) expressly provides for, among other things, the following sanctions against a party who has failed to obey prior court orders compelling discovery:

- An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

- An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

- In lieu of the foregoing orders or in addition thereto, an order treating as contempt of court to failure to obey any orders except an order to submit to a physical or mental examination;

- Requiring the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

It is well settled Fed. R. Civ. P. 37(b)(2) provides the court with broad discretion to impose appropriate sanctions on parties who fail to comply with the court's orders compelling discovery. See, e.g., Malautea v. Suzuki Motor Company, Ltd., 997 F.2d 1536 (11th Cir. 1993). With respect to the most severe sanctions authorized under Fed. R. Civ. P. 37(b) (i.e., the entry of a default judgment), COLLEGIATE recognizes that this discretion is tempered by the requirement that the failure to comply with the Court Order must have been willful or in bad

faith. Id. Nonetheless, courts have not hesitated to impose the full range of sanctions permitted under Fed. R. Civ. P. 37(b), including dismissal, for inexcusable failures to comply with court orders compelling discovery. See, Malautea v. Suzuki Motor Company, Ltd., 987 F.2d 1543 (11th Cir. 1993) (affirming entry of default judgment under Rule 37 as sanction for failure to produce documents in violation of three court orders compelling production of same); Properties International Ltd. v. Turner, 706 F.2d 308 (11th Cir. 1983) (affirming dismissal of complaint as sanction for failure to comply with court's discovery orders); Watkis v. Payless Shoesource, Inc., 174 F.R.D. 113 (M.D. Fla. 1997) (dismissing Plaintiff's Complaint with prejudice as sanction for failure to comply with discovery orders); Stuart I. Levin & Associates, P.A. v. Rogers, 156 F.3d 1135 (11th Cir. 1998) (affirming award of attorney's fees and expenses against attorney for party as sanction under Rule 37); Libbi v. Sears Roebuck & Co., 107 F.R.D. 227 (E.D. Pa. 1985) (ordering that plaintiffs be precluded from advancing any claim for lost, future earnings as sanction for failure to provide requested discovery as to past earnings).

In this case, TCG has failed to comply with an Order of this Court and has failed to provide documents and information pursuant to discovery requests that were served back in September, 2007. TCG has also failed to appear at a duly noticed court hearing and at court-ordered mediation. There is no issue as to whether TCG's failure to produce is the product of inadvertence or negligence. Defendant clearly knows what is required of it. They have simply chosen to ignore this Court's Orders.

The bottom line is that TCG has blatantly and willfully failed and refused to comply with two Orders of this Court and has done nothing to defend itself in this action. Accordingly, COLLEGIATE seeks: (1) an award of attorneys' fees and costs incurred by COLLEGIATE in connection with the Motions to Compel that COLLEGIATE has been forced to file in this action and the various related efforts to obtain discovery from TCG; and (2) the entry of an order striking TCG's defenses in this action and entering a default judgment in favor of COLLEGIATE.

Both of the requested sanctions are clearly authorized under Fed. R. Civ. P. 37(b) and are justified under the facts and circumstances of this case. With respect to an award of attorney's fees, such a sanction represents the bare minimum sanction that this Court can impose for violations of its discovery orders. With respect to the striking of defenses, such a sanction is warranted where, as here, there have been repeated willful failures to comply with a court's orders. See Malautea, 987 F.2d at 1544; Properties International, 706 F.2d at 310, Watkis, 174 F.R.D. at 118.

WHEREFORE, Plaintiff, COLLEGIATE IMAGES, INC., respectfully requests that this Court enter an Order, awarding appropriate sanctions as requested herein, and granting such other and further relief as the Court deems just and proper.

Dated:  December 12, 2007
        Fort Lauderdale, Florida

Respectfully submitted,

**AKERMAN SENTERFITT**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida  33301-2229
Telephone:  (954) 463-2700
Facsimile:   (954) 463-2224

By __s/Marc J. Gottlieb_____
   Marc J. Gottlieb, Esq.
   Florida Bar No. 827819
   E-mail:  marc.gottlieb@akerman.com
   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by *facsimile and U.S. Mail* to all counsel of record or pro se parties on the attached Service List in the manner specified for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ___s/Marc J. Gottlieb_____
     Marc J. Gottlieb, Esq.

## SERVICE LIST

*Collegiate Images, LLC v. The Computer Group, Inc.*

Case No.: 07-60936-CIV-JORDAN/TORRES

| | |
|---|---|
| Jamie B. Goldberg, Esq.<br>FBN: 0592722<br>Becker & Poliakoff, P.A.<br>121 Alhambra Plaza, 10th Floor<br>Coral Gables, Florida 33134<br>PH:  (305) 262-4433<br>FAX: (305) 442-2232<br>jgoldberg@becker-poliakoff.com<br><br>Attorneys for Defendant | Jonathan R. Secrest, Esq.<br>Florida Bar #0075445<br>Dickerson Law Grup PA<br>1415 Panther Lane<br>Suite 215<br>Naples, FL  34109<br>PH:   (239) 591-6654<br>FAX: ((239) 591-6735<br><br>Co-Counsel for Defendant |

{FT445695;1}                              9

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-60936-CIV-JORDAN/TORRES

COLLEGIATE IMAGES, LLC,
a Delaware Limited Liability Company

    Plaintiff,

v.

THE COMPUTER GROUP, INC.,
an Ohio Corporation,

    Defendant.
_____/

## DISCOVERY ORDER

  This cause came before the Court at a hearing on November 28, 2007, on Plaintiff, Collegiate Image, LLC's Motion to Compel Defendant, The Computer Group, Inc. to provide more complete answers to Plaintiff's First Set of Interrogatories and to produce additional documents responsive to Plaintiff's First Request to Produce. The hearing on Plaintiff's Motion to Compel was duly and properly noticed.[1] Having reviewed the Court file and having heard argument from Plaintiff's counsel, it is hereby

**ORDER AND ADJUDGED** as follows:

  1. Defendant shall provide Plaintiff with all initial disclosures required by Fed. R. Civ. P. 26(a), including furnishing all documents identified in said disclosures, by no later than December 7, 2007.

  2. By December 7, 2007, Defendant shall file and serve an Affidavit executed

---

[1] Defendant's counsel waived his appearance at the hearing.

by a corporate representative with knowledge setting forth the following:

    (a)    an attestation that Defendant's response to each document request is accurate;

    (b)    a detailed description of the good faith search and inquiry made by Defendant to locate documents responsive to each request of Plaintiff's First Request for Production of Documents, including a description of the efforts made to locate and retrieve electronically stored information; and

    (c)    a description of Defendant's records retention policy, including its policy for the retention of emails and other electronically stored data.

3. By December 7, 2007, Defendant shall serve Plaintiff with better and more complete answers to Plaintiff's Interrogatory Numbers 12, 13, 14, 15, 16, 17 and 18 and shall verify all Interrogatory Answers. Defendant shall also produce copies of any "royalty reports" or other accounting documents that Defendant has referenced in responding to the foregoing Interrogatories. However, mere reference to documents will not be deemed a sufficient or adequate response to the foregoing Interrogatories.

4. The Court has been advised that the parties have agreed to and scheduled the depositions of Defendant's Corporate Representative, Suzanne Erickson, and a former employee of Defendant, Lou Morris, on December 18, 2007 in Columbus, Ohio. Plaintiff shall also be entitled to take a Rule 30(b)(6) deposition of a corporate representative of Defendant with the most knowledge concerning Defendant's record-keeping practices, including, without limitation, Defendant's practices with regard to the backup, retention and retrieval of electronically stored information such as e-mails and other financial and accounting records.

5.  The Court reserves ruling on any award of sanctions, including any attorney's fees and costs incurred by Plaintiff in connection with the filing of the instant Motion, pending Defendant's compliance with the terms of this Order and the outcome of the depositions referenced above in paragraph 4.

6.  As the Court has been advised that the parties have mutually agreed to take certain depositions that have already been noticed by Plaintiff for December 11, 2007 and December 18, 2007, no formal extension of the discovery cutoff is necessary at this time, as per Fed. R. Civ. P. 29.

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida on this 30th day of November, 2007.

/s/
EDWIN G. TORRES
United States Magistrate Judge

Conformed copies to:
Judge Adalberto Jordan
Marc J. Gottlieb, Esq.
Jonathan Secrest, Esq.
Jamie Goldberg, Esq.

# EXHIBIT "B"

{FT258982;1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

COLLEGIATE IMAGES, LLC, a
Delaware limited liability company,

    Plaintiff,

vs.

THE COMPUTER GROUP, INC., an
Ohio corporation,

    Defendant.
_____/

CASE NO. 07-60936-CIV-JORDAN/Torres

## MEDIATION REPORT

In accordance with Local Rule 16.2(F) of the Local Rules, the undersigned Mediator reports that the mediation scheduled for December 5, 2007 did not proceed because counsel for the Defendant The Computer Group, Inc. informed the Mediator and counsel for Plaintiff on December 5, 2007, that no authorized representative would be appearing on behalf of Defendant The Computer Group, Inc. for the mediation.

Dated: December 6, 2007

                Respectfully submitted,

                David H. Lichter, Esq.
                Higer Lichter & Givner, LLP
                2999 N.E. 191st Street
                Suite 700
                Aventura, FL 33180
                Telephone   305-933-9970
                Facsimile     305-933-0998

                    David H. Lichter/s
                David H. Lichter
                Florida Bar No. 359122